NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1540
_____

UNITED STATES OF AMERICA

v.

TAJHAN OMAR KNOX,
a/k/a TI-G,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 5-17-cr-00252-001)
District Judge: Honorable Edward G. Smith

_____

Argued: February 11, 2022

Before: GREENAWAY, JR., SCIRICA and COWEN*, *Circuit Judges*.

(Filed: December 6, 2022)

Keith M. Donoghue [ARGUED]
Robert Epstein
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA  19106
        *Counsel for Appellant*

_____

* The Honorable Robert E. Cowen assumed inactive status on April 1, 2022 after the argument and conference in this case, but before the filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

Kelly A. Lewis Fallenstein
Office of United States Attorney
504 West Hamilton Street
Suite 3701
Allentown, PA 18101

Robert A. Zauzmer [ARGUED]
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
          *Counsel for Appellee*

_____

OPINION[**]

_____


**SCIRICA**, *Circuit Judge*

Tajhan Knox appeals a 2017 sentence for drug trafficking and firearm possession on the ground that he was improperly sentenced as a "career offender" under the federal sentencing guidelines. Knox contends a prior conviction for conspiracy to commit robbery was incorrectly held to be a qualifying offense supporting a career offender designation because conspiracies to commit a crime of violence are not included in the sentencing guidelines' definition of "crime of violence." U.S. SENT'G GUIDELINES MANUAL § 4B1.2(a) (U.S. SENT'G COMM'M 2016) ("U.S.S.G. § 4B1.2(a)"). After we heard argument in this case, another panel of this Court held the sentencing guidelines'

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

definition of "crime of violence" does not include conspiracies to commit a crime of violence. *United States v. Abreu*, 32 F.4th 271, 277–78 (3d Cir. 2022). Accordingly, we will vacate Knox's sentence and remand for resentencing.

I.

In 2017, Knox pleaded guilty to nine counts related to drug trafficking and firearm possession. The sentencing judge held Knox qualified as a "career offender" due to two prior offenses: a Pennsylvania conspiracy to commit robbery conviction and a Pennsylvania drug conviction. Knox did not object to his career offender designation. The career offender designation increased Knox's sentencing guideline range from 70–76 months to 262–327 months' imprisonment, and he was ultimately sentenced to 264 months' imprisonment. Knox appealed his sentence, raising for the first time on appeal that his conspiracy to commit robbery conviction should not have been considered a "crime of violence" under the sentencing guidelines.

II.[1]

Because Knox did not object to his career designation status or to whether his prior conspiracy to commit robbery conviction qualified as a crime of violence, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Scott*, 14 F.4th 190, 194 (3d Cir. 2021). Under plain error review, we must decide whether (1) the District Court's conclusion that Knox's conspiracy to commit robbery conviction qualified as a "crime of violence" was error, and, if so, whether the error (2) is "plain," (3) "affect[s]

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

substantial rights," and (4) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (alterations in original) (citations omitted). The Government concedes that, following our decision in *Abreu*, the first three prongs of the plain error test are satisfied. Accordingly, the only remaining question is whether the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

## III.

The Supreme Court has held that, generally, "the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United* States, 138 S. Ct. 1897, 1911 (2018); *see also United States v. Dahl*, 833 F.3d 345, 359 (3d Cir. 2016) ("We generally exercise our discretion to recognize a plain error in the misapplication of the Sentencing Guidelines." (citation omitted)). Indeed, we have observed "few things . . . affect . . . the public's perception of the fairness and integrity of the judicial process more than a reasonable probability an individual will linger longer in prison than the law demands only because of an obvious judicial mistake." *Dahl*, 833 F.3d at 359 (alterations in original) (quoting *United States v. Sabillon-Umana*, 772 F.3d 1328, 1335 (10th Cir. 2014)).

The Government contends we should deviate from this usual course because the Presentence Report suggests Knox committed the armed robbery that was the object of the conspiracy charge to which he pleaded guilty. But we have declined to consider the facts of prior convictions when exercising plain error review of an erroneous application

of the sentencing guidelines because "sentencing courts should not look to the underlying facts of the prior offense, but to its elements." *Dahl*, 833 F.3d at 359 (citation omitted). What is relevant here is the crime for which Knox was actually convicted, not another crime for which the Government now claims Knox could have also been convicted.

## IV.

For these reasons, we will vacate Knox's sentence and remand for resentencing.